McCAIN, Justice.
On February 19, 1971 Southern Bell undertook to revise the rates charged to its customers for “metallic channels” (as opposed to the newer and more efficient wire channels) by announcing that in the future metallic channels would be furnished to customers only when they were available and not needed for other purposes and that rates would be based on an individual cost basis for each customer. The effect of this change on users, primarily burglar alarm companies, was a drastic upward revision of the existing rate structure.
On May 17, 1971, the Alarm Companies Association of Florida filed a formal complaint protesting the above action of Southern Bell. Eventually the parties to the action entered into the following stipulation :
“1. The rate for all services furnished to the alarm companies shall be computed on an air line statute mile basis; and
“2. The rate for metallic channel services to the alarm companies shall be computed on the ‘actual cost’ basis. This new rate shall apply to new subscribers of metallic channel service immediately following Commission approval; this new rate shall not apply to existing subscribers until six months subsequent to Commission approval.”
The Public Service Commission, on January 27, 1972, entered its Order No. 5311 approving the stipulation and dismissing the Association complaint. Petitioner American District Telegraph Co. then filed, on March 17, 1972, an informal complaint directed to Order No. 5311, arguing, inter alia, that there should be a rate differential between users of existing metallic circuits and new subscribers because of the higher cost of installing new metallic circuits. On June 8, 1972, petitioner requested by telegram that its March 17 complaint be *66 treated as an extraordinary petition for reconsideration (which must be filed within 60 days of entry of the contested order). Pursuant to Commission Rule 25-2.50, the Public Service Commission agreed to treat the informal complaint as an extraordinary petition, and on July 20, 1972 denied the petition, without prejudice, making the following comments:
“We have carefully reviewed the allegations made by petitioner herein and conclude that the issues raised by petitioner should more properly be resolved through the filing of a formal complaint under Rule 25-2.60(3). For example, ADT apparently desires a lower rate for existing alarm company customers than for other customers receiving this type of service. It also has questioned the relationship of rates to be charged alarm companies, on the one hand, and the rates to be charged for the general body of rate-payers, on the other hand. The appropriate vehicle to resolve such issues, which are considerably broader than those originally raised in this docket, is by formal complaint at which time both parties may have a full and complete opportunity to be heard. We are, therefore, denying the Extraordinary Petition for Reconsideration but without prejudice to petitioner to file a formal complaint. . . . ”
We concur with the Commission that the issues raised by petitioner would lie more appropriately considered via a formal complaint, and accordingly, we approve the denial of the extraordinary petition for rehearing without reaching the merits of the cause.
Because the questioned order does’not violate the essential requirements of law, certiorari must be and is hereby denied.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN and DEKLE, JJ., concur.